UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NYQUEST ALLEN, also known as Nyequest Allen,

         Plaintiff,     9:24-CV-0866
                (GTS/DJS)
  v.

SHERIFF TOBIAS SHELLEY and UNDERSHERIFF
JEFFREY T. PASSINO,

         Defendants.
_____

APPEARANCES:              OF COUNSEL:

NYQUEST ALLEN
Plaintiff, pro se
15000405
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

**I. INTRODUCTION**

  On July 11, 2024, pro se plaintiff Nyquest Allen ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). The complaint contained allegations of wrongdoing at the Onondaga County Justice Center ("Onondaga County J.C."). *See generally* Compl.

  By Decision and Order filed on August 30, 2024 (the "August Order"), plaintiff's IFP Application was granted but following a review of the complaint pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claims were dismissed, without prejudice, for failure to state a claim. Dkt. No. 7. Plaintiff was afforded the opportunity to file an amended complaint. *Id.* at 9.

Plaintiff's amended complaint is now before the Court for review. Dkt. No. 10 ("Am. Compl.").

## II. SUFFICIENCY OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the August Order and will not be restated in this Decision and Order. *See* Dkt. No. 7 at 2-4.

### B. Summary of Amended Complaint

With the amended complaint, plaintiff identifies Hearing Officer Kolakowski ("Kolakowski") and Captain Moore ("Moore") as new defendants.[1] *See generally* Am. Compl. Defendant Jeffrey Passino ("Passino") is not identified as a defendant in the amended complaint.[2] *See id.*

On May 4, 2024, plaintiff was subjected to a "SERT" transfer due to a verbal dispute with an officer. Am. Compl. at 1. Plaintiff was charged with "in house sanctions" including harassment, refusing an order, and disrespect. *Id.*

On May 21, 2024, plaintiff was charged with additional sanctions including misuse of equipment, being in an unauthorized area, health risk, harassment, disorderly conduct, and "escape." Am. Compl. at 1.

---

[1] The Clerk of the Court is directed to amend the Docket Report to include these defendants.

[2] The Clerk of the Court is direct to terminate Passino from the Docket Report.

Defendant Kolakowski sentenced plaintiff to forty days in segregated confinement, with respect to the first sanctions and fifty days of segregated confinement, with respect to the second set of sanctions.  Am. Compl. at 2-3.  Plaintiff served a total of 88 days in the special housing unit ("SHU")/segregated confinement.  *Id.* at 3, 4.  During his confinement, plaintiff, who suffered from post-traumatic stress disorder, endured additional mental anguish, and lost contact with his family.  *Id.* at 4.

Plaintiff asked to speak with defendant Sheriff Tobias Shelley ("Shelley") "a number of times."  Am. Compl. at 2.  Plaintiff claims Shelley and Moore "did nothing to cure [his] complaints."  *Id.*

Construing the amended complaint liberally[3], plaintiff alleges the following: (1) Fourteenth Amendment due process claims; and (2) state law claims.  *See generally* Am. Compl.  Plaintiff seeks monetary damages.  *Id*. at 3.

**C.  Analysis**

**1.  Fourteenth Amendment Due Process Claims**

Construing the amended complaint liberally, plaintiff claims that defendants violated his Fourteenth Amendment due process rights because he served 88 days in segregated confinement.  *See generally* Am. Compl.

To successfully state a claim under Section 1983 for denial of due process, a plaintiff must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that

---

[3] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

interest without being afforded sufficient process.  See *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).

The Supreme Court has held that although states may still create liberty interests protected by due process, with respect to convicted prisoners "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995).  The "atypicality" inquiry under *Sandin* is normally a question of law.  *Colon v. Howard*, 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey v. Giltner*, 197 F.3d 578, 585 (2d Cir. 1999).  In making that determination the Court must consider the specific circumstances of the confinement, including both the duration and the conditions thereof.  *Id.*

However, a pretrial detainee need not meet such a stringent standard because "[a] detainee's interest in freedom from unjustified infliction of pain and injury is more substantial . . . ."  *Benjamin v. Fraser*, 264 F.3d 175, 188 (2d Cir. 2001); see also Iqbal v. Hasty, 490 F.3d 143, 146 (2d Cir. 2007), *rev'd on other grounds, Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ("Th[e Second Circuit] has said that *Sandin* does not apply to pretrial detainees and that, accordingly, pretrial detainees need not show that an imposed restraint imposes atypical and significant hardships to state deprivation of a liberty interest protected by procedural due process.").

"Therefore, in the case of a pretrial detainee, the court must determine whether the

condition imposed on the inmate was for a legitimate purpose or for the purpose of punishment." *Myers v. Bucca*, No. 6:15-CV-553 (DNH/ATB), 2015 WL 13401929, at *9 (N.D.N.Y. Dec. 7, 2015) (citations omitted), r*eport and recommendation adopted by* 2016 WL 165016 (N.D.N.Y. Jan. 14, 2016).

    A pretrial detainee is entitled to the due process procedures outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). "These procedures include a disciplinary hearing and written notice of the charges at least twenty-four hours in advance of that hearing; the opportunity to present witnesses and documentary evidence before an impartial hearing officer as long as doing so will not jeopardize prison safety and security; and a written statement including evidence relied on by the hearing officer in reaching his or her decisions and the reasons for the disciplinary action. *Myers*, 2015 WL 13401929, at *9 (citing *Wolff*, 418 U.S. at 564-66).

    In order to state a viable cause of action for a violation of due process, plaintiff must first plead facts to establish that he was deprived of a liberty interest. In this regard, plaintiff alleges that he was in segregated confinement for 88 days. *See generally* Am. Compl. The pleading includes no allegations concerning the conditions of his segregated confinement. Without more, 88 days in segregated confinement does not implicate any of plaintiff's constitutionally protected liberty interests. *See Llewellyn v. Annucci*, No. 9:20-CV-0179 (GLS/TWD), 2020 WL 13801981, at *8 (N.D.N.Y. Mar. 9, 2020) (holding that an 88-day SHU sentence does not, in and of itself, implicate typicality). While plaintiff claims he "lost contact with his sisters and father," the pleading lacks any facts related to how he "lost contact," including whether he lost telephone privileges, or physical visitation, how long he lost contact, or any other facts that would allow this Court to infer that a "loss of contact" implicated a

liberty interest. *See e.g., Ahlers v. Townsend*, No. 9:12-CV-0575 (DNH/TWD), 2014 WL 4365277, at *6 (N.D.N.Y. Aug. 28, 2014).

Even assuming plaintiff's confinement implicated a liberty interest, the amended complaint is devoid of any allegations which plausibly suggest how his due process rights were violated. Consequently, he has failed to adequately plead a due process claim, regardless of where and how long he was confined.

Accordingly, plaintiff's Fourteenth Amendment due process claims related to his segregated confinement are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. State Law Claims

Plaintiff claims his housing in segregated confinement violated Corrections Law § 137(6)(i) (the "HALT Act"). *See* Am. Compl. at 4.

In the August Order, the Court dismissed plaintiff's state law claims reasoning that, "[b]ecause plaintiff's federal claims [. . .] are being dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims[.]" Dkt. No. 7 at 8.

Because plaintiff has failed to plead any cognizable Section 1983 claim, for the reasons set forth in the August Order, plaintiff's state law claims are dismissed.

### III.  CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 10) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall revise the Docket Report as follows: (i) add Kolakowski and Moore; and (ii) terminate Passino; and it is further;

6

**ORDERED** that the amended complaint is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: September 24, 2024
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge